UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JASON RYAN WILLIAMS,                        Case No. 15-CV-2707 (MJD/SER)

               Petitioner,

v.                                          REPORT AND RECOMMENDATION

STEVE HAMMER, Warden,

               Respondent.

---

This matter is before the undersigned United States Magistrate Judge on petitioner Jason Ryan Williams's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The petition was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court conducted a preliminary review of Williams's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Williams's petition.

At the age of 16, Williams "entered a home in Brooklyn Park, killed a mother and her three-year-old daughter, and severely injured her four-year-old son." *State v. Williams*, 862 N.W.2d 701, 702 (Minn. 2015) (hereinafter "*Williams II*") (citing *State v. Williams*, 535 N.W.2d 277, 279-82 (Minn. 1995) (hereinafter "*Williams I*")). After a jury trial, Williams was convicted on two counts of first-degree premeditated murder, one count of attempted first-degree premeditated murder, and one count of burglary. *Id.* At the time of sentencing, Minnesota law required that Williams be sentenced to life imprisonment with the possibility of release after 30 years on the first-degree murder convictions. *Id.* (citing Minn. Stat. § 244.05, subd. 4 (1994)).

The trial court imposed this mandatory sentence consecutively for the two murder convictions, meaning that Williams would not be eligible for release until 60 years had passed. *Id.* In addition, the trial court imposed a consecutive 240-month term of imprisonment for the attempted-murder conviction (with no possibility of release for 160 months) and an 18-month term of imprisonment for the burglary conviction (with no possibility of release for 12 months). *Id.* at 702 & n.3. All together, Williams was sentenced to two life terms of imprisonment plus an additional 258 months, with no possibility of release for the first 74 years. *Id.* The Minnesota Supreme Court affirmed the convictions and sentences. *See Williams I*, 535 N.W.2d at 290.

In June 2012, the United States Supreme Court announced in *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012), "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Almost two years later, in May 2014, Williams filed a motion to correct his sentence pursuant to *Miller* in state court. That motion was denied for two reasons: (1) *Miller* does not extend to statutory provisions that require a term of life imprisonment with a possibility of release, and (2) *Miller* does not extend to the discretionary decision of a sentencing court to impose consecutive sentences that, when aggregated, amount to the practical imposition of life imprisonment without possibility of release. *See Williams II*, 862 N.W.2d at 702-703. The Minnesota Supreme Court affirmed the denial of Williams's motion to correct his sentence in *Williams II*. *Id.* at 703-04.

Williams now seeks federal habeas relief under § 2254 on the basis of the new rule of law announced in *Miller*. An in-depth review of the merits of Williams's habeas petition is unnecessary, however, because the petition is untimely. Under 28 U.S.C. § 2244(d)(1):

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The judgment in Williams's case became final two decades ago; there is no colorable argument that his petition is timely under § 2244(d)(1)(A).  *See Williams I*, 535 N.W.2d at 290 (affirming Williams's conviction and sentence on direct appeal).  Williams does not contend that he has ever been impeded by state action from bringing a federal habeas petition, thus making § 2244(d)(1)(B) irrelevant in this case.  And Williams's claim under *Miller* is not predicated on a newly discovered factual predicate, making § 2244(d)(1)(D) irrelevant in this case as well.

For Williams's habeas petition to be timely, then, § 2244(d)(1)(C) must operate to reopen the one-year limitations period.  Eighth Circuit case law directly precludes such a finding.  *See Martin v. Symmes*, 782 F.3d 939, 943 (8th Cir. 2015) ("Because *Miller* 'is a new procedural rule that is not of watershed magnitude, it cannot be applied retroactively to' [cases on collateral review]." (quoting *Burton v. Fabian*, 612 F.3d 1003, 1011 (8th Cir. 2010)).  This Court is

obligated to follow *Martin*. And because *Miller* does not apply retroactively to cases on collateral review, § 2244(d)(1)(C) does not establish a new one-year limitations period.[1]

Even if *Miller* did apply retroactively,[2] however, Williams's habeas petition would still be untimely. If *Miller* did in fact, contrary to *Martin*, announce a new rule of law made retroactive to cases on collateral review, that new rule was announced on June 25, 2012 (the day that *Miller* was decided). Thus, assuming for sake of argument that § 2244(d)(1)(C) opened a new one-year window for Williams to bring a habeas petition, the window closed on June 25, 2013. Williams' habeas petition was filed June 2015. Moreover, although it is true that, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," § 2244(d)(2) does not restart a limitations period that has already expired. *See, e.g.*, *Jones v. Minnesota*, No. 14-CV-1650 (SRN/HB), 2015 WL 672077, at *12 (D. Minn. Feb. 17, 2015) (citing *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005)). Williams did not seek relief in the state courts until May 2014. *Williams II*, 862 N.W.2d at 701. In other words, by the time Williams sought relief in the state courts, his one-year limitations period for bringing a federal habeas petition had already expired (again, assuming that one-year limitations period reopened at all), and § 2244(d)(2) had no practical effect.

---

[1] The non-retroactivity of *Miller* has a dual effect in this case. *Martin* poses a procedural barrier to Williams (because it requires a finding that the habeas petition was untimely) as well as a substantive barrier (because Williams cannot seek relief under a rule that does not apply to habeas petitioners).

[2] The Supreme Court has granted certiorari on the question of whether *Miller* has retroactive effect in a case unrelated to *Martin*. *See State v. Montgomery*, 141 So.3d 264 (La. 2014), *cert. granted*, 135 S. Ct. 1546 (U.S. Mar. 23, 2015) (No. 14-280).

Because Williams' habeas petition is untimely, this Court recommends that the petition be dismissed.  Only one matter merits further comment:  A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat Williams's current habeas corpus petition differently than it is being treated here.  Williams has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Williams should not be granted a COA in this matter.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.      Petitioner Jason Ryan Williams' petition for a writ of habeas corpus [ECF No. 1] be DENIED.

2.      Williams' application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

3.      This action be DISMISSED WITHOUT PREJUDICE.

4.      No certificate of appealability be issued.


Dated:  June 17, 2015                              *s/Steven E Rau*
                                                  Steven E. Rau
                                                  U.S. Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.